UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES OSKAR HILDINGER,<br><br>                               Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br><br>                               Defendant. | CASE NO: 13-CV-1370 W (WVG)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* [DOC. 2] AND REFERRING TO MAGISTRATE FOR REPORT & RECOMMENDATION** |

On June 12, 2013, Plaintiff James Oskar Hildinger ("Plaintiff") commenced this action against Carolyn W. Colvin, acting commissioner of Social Security. Along with the Complaint, Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). For the reasons outlined below, the Court **GRANTS** the IFP.

The determination of indigency falls within the district court's discretion. Cal. Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), rev'd on other grounds, 506 U.S. 194 (1993) ("[28 U.S.C. §] 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948); see also Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir.

1995) ("the filing fee, while discretionary, should not take the prisoner's last dollar."). Rather, to satisfy the requirements of 28 U.S.C. § 1915(a), an affidavit need only state that one cannot "because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins, 335 U.S. at 339.  At the same time, however, the court must "assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar."  Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts therefore tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See e.g., Olivares, 59 F.3d at 112 (district court did not abuse discretion in requiring partial fee payment from prisoner who consistently spent $35 a month on "comforts" such as candy and name brand toiletries from the prison commissary); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied: "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action").

Having read and considered the papers submitted, the Court finds that Plaintiff has demonstrated that he is unable to pay the fees required to pursue his complaint. According to his declaration, Plaintiff receives approximately $419 a month income, to support himself and his wife.  (*IFP* ¶¶ 3, 8.)  The $350 filing fee would constitute a substantial amount of Plaintiff's monthly income.  Consequently, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life.  Adkins, 335 U.S. at 339.

Accordingly, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* [Doc. 2.], and **ORDERS** as follows:

1. The United States Marshal shall serve a copy of the Complaint filed on June 12, 2013 and an accompanying summons upon Defendants as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall

1                     be advanced by the United States.

2      2.     Defendants shall respond to the Complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

3. If it appears at any time in the future the Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. **This includes any recovery Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or the government.**

4. The Court hereby **REFERS** all matters arising in this case to United States Magistrate Judge William V. Gallo for a Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 72.1. If the parties seek to file motions, they shall contact the chambers of Judge Gallo to secure scheduling, filing, and hearing dates.

**IT IS SO ORDERED.**

DATED: June 19, 2013

*[signature]*

Hon. Thomas J. Whelan
United States District Judge