UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES OSKAR HILDINGER,<br><br>            Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br>            Defendant. | Civil No.13-CV-1370-W (WVG)<br><br>ORDER GRANTING **AMENDED**<br>STIPULATION FOR THE AWARD<br>AND PAYMENT OF ATTORNEY<br>FEES AND EXPENSES<br>PURSUANT TO THE EQUAL<br>ACCESS TO JUSTICE ACT, 28<br>U.S.C. § 2412(d) AND COSTS<br>PURSUANT TO 28 U.S.C. § 1920<br><br>[DOC. NO. 25] |

On August 28, 2014, the parties filed a Motion for Attorney Fees and Expenses Under the Equal Access to Justice Act ("EAJA"). (Doc. No. 23.) The parties have agreed, subject to the approval of the Court, that Plaintiff James Oskar Hildinger ("Plaintiff") be awarded attorney's fees and expenses in the amount of $3,000.00 under the EAJA. Id. at 1. In their Motion, the parties stated that the $3,000.00 amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with the above entitled civil action, in accordance with 28 U.S.C. § 2412(d). Id.

On September 11, 2014 this Court denied without prejudice the parties' Motion for Attorney Fees and Expenses Under the EAJA for failure to include "an

13CV1370

itemized statement from an attorney...stating the actual time expended and the rate at which fees and other expenses were computed," as required by 28 U.S.C. § 2412(d)(1)(B).  (Doc. No. 24 at 2).  The Court Ordered the parties to resubmit their motion consistent with Section 2412(d)(1)(B).  Id.

On September 17, 2014, the parties filed an Amended Motion for Attorneys Fees and EAJA.  (Doc. No. 25.)  Once again, the Amended Motion did not include an itemized statement from an attorney stating the actual time expended and the rate at which fees and other expenses were computed, as required by Section 2412(d)(1)(B), and Ordered by the Court.  On September 17, 2014, the Court's clerk contacted Plaintiff's counsel to inquire about the failure to provide an itemized statement.  On September 18, 2014, Plaintiff filed a Notice of Filing of Exhibit 2 to the Stipulation for Fees. (Doc. No. 26.) Exhibit 2 included an itemized statement from an attorney stating the actual time expended, but the rate of the two Responsible Attorneys was cutoff and not readable.

On September 24, 2014, the Court's clerk again contacted Plaintiff's counsel to inquire about re-filing Exhibit 2 so that the rate of the two Responsible Attorneys could be deciphered, as required by Section 2412(d)(1)(B).  The voicemail was full for both of the Responsible Attorneys listed on the statement in Exhibit 2, and therefore, the Court's clerk was unable to leave a voice message for either attorney.  This is a Motion requesting attorney's fees to be paid to Plaintiff's counsel.  The Court would expect that Plaintiff's counsel would be making every effort to file this Motion correctly, rather than relying on the Court's efforts to contact Plaintiff's counsel to ensure compliance with the statute and correct filing errors.

On September 25, 2014, the Court's clerk again contacted Plaintiff's counsel. The clerk left a message with an individual in Plaintiff's counsel's office, explaining that Exhibit 2 needed to be re-filed so that the rate of the two Responsible Attorneys could be deciphered.  On September 25, 2014, Plaintiff filed a Supplemental Document with Plaintiff's explanation of the time sheet and hourly rate.  (Doc. No. 27.)  The

Supplemental Document explained the breakdown of the hourly rates for the Responsible Attorneys and Paralegal staff listed in the itemized statement previously filed as Exhibit 2 (Doc. No. 26).  Id.  The parties have now provided the Court with an itemized statement from an attorney that states the actual time expended, and the rate at which fees and other expenses were computed, as required by Section 2412(d)(1)(B).

Plaintiff's counsel requests that the fees be paid directly to his law office, subject to any offset from debt owed to the Federal Government.  (Doc. No. 25 at 2; citing Astrue v. Ratliff, 130 S.Ct. 2521, 2529 (2010) and United States v. $186,416.00 in U.S. Currency, 722, F.3d 1173, 1176 (9th Cir. 2013).[1/]  Subject to a finding that the Plaintiff owes no debt to the Federal Government, this Court takes no issue with the fees being paid directly to Plaintiff's counsel's law office, as requested.

The Court finds that the parties have now complied with the requirements of Section 28 U.S.C. § 2412(d)(1)(B), that Plaintiff's request is fair and reasonable, and the parties' Amended Motion for Attorney Fees and Expenses Under the EAJA is hereby GRANTED.  The Court Orders that Defendant pay Plaintiff the amount of $3,000.00 under the EAJA pursuant to 28 U.S.C. § 2412(d), subject to any debt that Plaintiff may owe to the Federal Government.

IT IS SO ORDERED.

DATED:  September 26, 2014

Hon. William V. Gallo
U.S. Magistrate Judge

---

[1/] Defendant does not stipulate to the citation of United States v. $186,416.00 in U.S. Currency, 722, F.3d 1173, 1176 (9th Cir. 2013), and states that it reserves the right to challenge the applicability of this case to any Social Security Case.  (Doc. No. 25 at 2, n. 1.)